Caldwell, J.
It is alleged that the Supreme Court erred in affirming the judgment of the common pleas, in which court this suit was originally prosecuted.
The action in the common pleas was assumpsit, brought by the defendant in error, Field, against Hunter, on a promissory note for thirty dollars, dated on January 24, 1847, payable to Field, or bearer, thirty days after date.
There is no dispute about the facts, so far as the main question in controversy is concerned. Field was the superintendent on the National Eoad. Hunter had been driving on the road, without passing through any toll-gate, and by a rule of the board of public works, was required to report his travel on the road to those having charge of it, under a penalty for non-compliance. Field, the superintendent, had brought suit before a justice of the peace, against Hunter, for the tolls, for the travel on the road, and also for fines and penalties for not reporting. This note was given by *290 Hunter to Field as a satisfaction of this claim, and the suit before the justice was thereupon withdrawn. The main question pre-
sented in the case, is ^whether Field, being an officer of the state, and tfie money being due to the state,’could maintain a suit in his own name? The court of common pleas held that he could, and so charged the jury. A verdict was found for Field, on which the court entered judgment. Hunter excepted to the ruling and judgment of the court, and having obtained a bill of exceptions, presented the case to the Supreme Court on error, and in that court the judgment of the common pleas was affirmed. Was there error in this proceeding ? We think there was. Whatever remedy an authorized agent might have on an obligation given to him in his 'own name, where the transaction was between individuals, we think public policy forbids a public officer thus to transact business in his own name. The money, in this instance, was coming to the state^-bolonged to the state. If public officers wore permitted to take notes for dues of the state in their own name, and bring suit, much confusion must necessarily follow in the transaction of public business, and frauds might be perpetrated on the community. Public officers are constantly changing, and it is absolutely necessary that the accounts of the government should bo kept in such a way as to distinguish between the claims of the state and the personal claims of its agents. Take the present caso, and suppose that Field, the superintendent, after taking this note, had died; if he carried out the theory on which this note was given to him in his own name, then no account would be found against Hunter in favor of the state. He could not with propriety have any such account, all accounts being embraced in the note. Unless proof other than the papers left should come to hand, the note would go into the possession of Field’s personal representative, and form a part of the assets of his estate, and the state be thus defrauded of its dues. Similar difficulties might arise in case of removal, resignation, etc., of the officer. ' This note is negotiable, and might have been sold by Field to a bona fide purchaser.
Indeed, we think that such a mode of proceeding is *incompatible with public policy, and must, if permitted, lead to great mischief.
No legal authority was given to the superintendent to take a note in his own name, for a liability to the state; as.a consequence, *291 we think the promise to him was wholly without consideration— there was no consideration that would create a legal liability to him. The cases of Gilmore v. Pope, 5 Mass. 491, and Irish v. Webster et al., 5 Greenl. 171, although differing somewhat in their details from the present case, are both applicable to the main question here presented.
In the latter case the court say : “ If there is a want of clearness in the subject under consideration, and if some of the cases are but faintly distinguishable from others, touching the question in what instances an agent may sue in his own name, on a promise made to him as such, public policy seems to require that an agent of the state should make his contracts, not in his own name, but in the name of the state ; and that all securities he may receive should be made payable to the state; and that when they have been made payable to him as agent, the suit should be in the name of the state.” We think, then, the ruling of the court of common pleas, as shown by the record, was erroneous, and that the Supreme Court erred in affirming the judgment of the common pleas.
The judgment of the Supreme Court will therefore be reversed.
Hitchcock, C. J., was absent.